IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. BOOTS OF OKLAHOMA, LLC, an Oklahoma corporation,<br><br>    Plaintiff,<br>vs.<br><br>1. ESSEX INSURANCE COMPANY,<br><br>    Defendant. | No. CIV-14-2-M |

## NOTICE OF REMOVAL

Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Essex Insurance Company, with a full reservation of its rights, defenses, exceptions, objections, and claims and without waiver thereof, hereby removes to this Court the state-court action styled Boots of Oklahoma, LLC, v. Essex Insurance Company, No. CJ-2013-6006 from the District Court of Oklahoma County, Oklahoma.

### THE REMOVED CASE

1.   The removed case is a civil insurance action filed on October 31, 2013, in the District Court of Oklahoma County, Oklahoma. (See Petition, attached as Exhibit 1). Defendant was served on December 12, 2013, by delivery of a copy of the Summons and Petition to the Insurance Commissioner for the State of Oklahoma on that date. (See Summons and correspondence from John Doak, Insurance Commissioner, dated December 12, 2013, attached as Exhibits 2 and 3, respectively).

## PAPERS FROM REMOVED ACTION

2. As required by 28 U.S.C. § 1446(a), attached are copies of all process, pleadings, and orders filed in this matter in the District Court of Oklahoma County, Oklahoma. (See Exhibits 1, 2 and 3). Other than Plaintiff's First Set of Interrogatories and Request for Production of Documents to Defendant served by Plaintiff with the Summons and Petition, no other pleadings or papers have been served upon Defendant. Pursuant to LCvR81.2, Defendant has attached as Exhibit 4 a copy of the Docket Sheet for this matter from the District Court of Oklahoma County, Oklahoma.

## CONSENT TO REMOVAL

3. Because Defendant Essex Insurance Company is the sole defendant in this matter, Essex Insurance Company does not need the consent of any other party for removal.

## GROUNDS FOR REMOVAL

4. A defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a) and (b). This Court has diversity jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332.

5. Plaintiff is an Oklahoma limited liability company doing business in Oklahoma County, State of Oklahoma. (See Ex. 1, ¶1, and print out from the website of the Oklahoma Secretary of State, attached as Exhibit 5).

6. Defendant Essex Insurance Company is a Delaware corporation with its principal place of business in Glen Allen, Virginia. (See Affidavit of Jeanette McDonough, attached as Exhibit 6).

7. Accordingly, this action is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

8. Furthermore, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

9. If a complaint does not limit its request for damages to a precise amount, it is proper for the District Court to make an independent appraisal of the value of plaintiff's claims. Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347 (1977); Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); Angus v. Shiley, Inc., 989 F.2d 142, 146 (3rd Cir. 1993); Maxon v. Texaco Refining & Marketing Inc., 905 F. Supp 976, 978-79 (N.D. Okla. 1995). The amount in controversy requirement is met if, among other things, "it is apparent from the face of the petition that the claims are likely to exceed $75,000.00." Manguno, 276 F.3d at 723. The amount in controversy is satisfied unless "it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor . . . ." McPhail v. Deere & Co., 529 F.2d 947, 955 (10th Cir. 2008) (quoting Meridian Security Ins. Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006)).

10. In this case, Plaintiff's claims exceed the jurisdictional minimum of $75,000.00. In the Petition, Plaintiff alleges that the insured premises sustained fire losses in excess of $700,000.00. (See Ex. 1, ¶¶7 and 9). Plaintiff claims that Defendant breached the terms of the insurance policy by failing to pay "all sums due under" the policy. Id. at ¶¶19-20. Plaintiff seeks damages for breach of contract in an amount in excess of $10,000.00, plus interest, costs and attorneys fees. Id. and Prayer at the conclusion of First Cause of Action. In addition, Plaintiff also alleges that Defendant breached the duty of good faith and fair dealing for which Plaintiff seeks an award of compensatory and punitive damages in an amount in excess of $10,000.00. Id. at ¶¶21-24. Demands for punitive damages may be included in determining the amount in controversy. Kaufman v. Allstate N.J. Ins. Co., 561 F.3d 144, 151-52 (3rd Cir. 2009).

11. Accordingly, because this action is between citizens of different states and the amount in controversy exceeds $75,000.00, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. Thus, Defendant may properly remove this action to this Court pursuant to the provisions of 28 U.S.C. § 1441.

12. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days after receipt by the Insurance Commissioner of a copy of the initial pleading on December 12, 2013.

13. Pursuant to 28 U.S.C. § 1441(a), the state court action is pending within the judicial district of this Court.

14. No previous Notice of Removal has been filed in or made to this Court.

15. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being provided to all adverse parties. Written notice of the filing of this Notice of Removal will be given to Plaintiff through its counsel.

16. Also pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal, along with a true and correct copy of this Notice of Removal, is being filed with the Court Clerk of the District Court of Oklahoma County, Oklahoma.

17. No hearings have been scheduled by the District Court of Oklahoma County, Oklahoma, in this matter.

18. Defendant reserves the right to amend or supplement this Notice of Removal and submit evidence supporting it in the event Plaintiff moves to remand.

WHEREFORE, Defendant prays that the Court take notice of the removal of this civil action and that further proceedings in the District Court of Oklahoma County, Oklahoma, be discontinued and that this action be recognized as removed to and pending on the docket of the United States District Court for the Western District of Oklahoma, as the law in such cases provides.

                               *s/Michael T. Maloan*
                               Larry D. Ottaway, OBA No. 6816
                               larryottaway@oklahomacounsel.com
                               Michael T. Maloan, OBA No. 15097
                               michaelmaloan@oklahomacounsel.com
                               FOLIART, HUFF, OTTAWAY & BOTTOM
                               201 Robert S. Kerr Avenue, 12th Floor
                               Oklahoma City, Oklahoma 73102
                               Telephone: (405) 232-4633
                               Facsimile: (405) 232-3462

                               ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

This is to certify that on this 2nd day of January, 20144, a true and correct copy of the foregoing instrument was served by **certified mail, return receipt requested** as follows:

J. John Hager, Jr.
The Law Office of J. John Hager, P.C.
3233 East Memorial Road, Suite 101
Edmond, Oklahoma 73013
    *Attorney for Plaintiff*

                               *s/Michael T. Maloan*